THE ROMAN CATHOLIC CHURCH OF THE TRANSFIGURATION, Plaintiff, *v.* NATHANIEL NILES, Defendant.

*Collateral inheritance tax — devise to a bishop — chapter* 169 *of* 1892 *releases taxes upon such property.*

Under the provisions of chapter 169 of the Laws of 1892, which provides that any property theretofore or thereafter devised or bequeathed to any person who is a bishop, or to any religious corporation, shall be exempted from and not be subject to the provisions of such act, property which had been devised in October, 1885, to a person who was a bishop, and upon which the collateral inheritance tax has not been paid under the Collateral Inheritance Tax Law, passed June 10, 1885, is released from the payment of such tax, whether such devise had become operative prior to the passage of the act or subsequent thereto.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*F. J. McLoughlin,* for the plaintiff.

*Joseph N. Tuttle,* for the defendant.

VAN BRUNT, P. J.:

The plaintiff in this action on the 20th of July, 1894, contracted with the defendant to sell to him certain premises in the city of New York. The defendant objected to the title upon the ground

that it was liable to an inheritance tax. The property in question belonged to John McCloskey, cardinal archbishop of New York, at the time of his death on the 10th of October, 1885. By his will Cardinal McCloskey devised all his estate to Archbishop Corrigan of the city of New York, Bishop Loughlin of Brooklyn and Bishop McNierney of Albany, as joint tenants and not as tenants in common. On the 2d of January, 1886, Bishop McNierney conveyed to Archbishop Corrigan all his interest in said real estate, and on the 19th of January, 1886, Bishop Loughlin made a similar conveyance. On the 19th of February, 1886, Archbishop Corrigan conveyed the premises in question to the plaintiff. At the time of the death of Cardinal McCloskey, the Collateral Inheritance Act, passed on the 10th of June, 1885, was in operation, and the real estate bequeathed by him was liable to such tax. No tax, however, was ever paid upon the same. On the 19th of March, 1892, an act of the Legislature became a law (Chap. 169, Laws of 1892) whereby section 1 of the act of 1885 designating the property to be taxed was amended and the following clause was inserted therein : "Provided further, that any property heretofore devised or bequeathed, or which may hereafter be devised or bequeathed, to any person who is a bishop, or to any religious corporation, shall be exempted from and not be subject to the provisions of this act."

It is claimed upon the part of the defendant that the act in question did not apply to those cases where the tax had become due, but had not been paid, but to those cases where no appraisement could be made nor any tax imposed immediately upon the death of the testator, because of the want of vesting of the estate so that its value could be ascertained. Upon the other hand, it is claimed that the act was intended to and did apply to all cases falling within the exemption. The claim for the payment of this tax was one upon the part of the State, which the State had an undoubted right to release if it desired so to do, and the only question which can be raised is : Was there an intention to make an exemption as to property which had passed to a devisee prior to the passage of the amendment? It seems to us that the language of the statute is explicit on this point. It is : "Any property heretofore devised or bequeathed." It is a familiar rule of law that a will speaks from the death of the testator. It has no legal effect or existence prior

to that time; and although in such a will property may be described and by its terms be bequeathed, it is entirely inoperative and confers no rights until the death of the testator, and such property cannot be by any stretch of the imagination said to be devised or bequeathed. It can only be said after the death of the testator that it is devised and bequeathed. The language of the act is that property which had theretofore been devised or bequeathed should be exempt. The claim upon the part of the defendant that this language was intended to apply only to those cases where it had been impossible to assess the tax because no appraisement could be made, is not borne out by anything contained in the statute. It applies to all sorts of property in possession or in expectancy, and makes no distinction; and it was the evident intention of the Legislature to release property which had been thus devised from the provisions of the Inheritance Tax Act, whether such devise had become operative prior to the passage of the act or subsequent thereto.

If our construction of the act is correct, then there is no power upon the part of the State now to collect such tax, its right having been released by an effective legislative act, and the plaintiff is entitled to judgment, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment ordered for plaintiff, with costs.