1. TRANSFER TAX—APPRAISAL PROCEEDING—REMISSION TO APPRAISERS—DISCRETION.

> Remission of an appraisal proceeding to the appraisers of an estate, under the transfer tax law (Laws 1896, c. 908), for the purpose of taking additional proof before their report is acted on by the court, is discretionary.

2. SAME.

> The act referring to reappraisals in certain cases on application to the supreme court does not apply to an application to remit an appraisal proceeding to the appraisers of an estate, under the transfer tax law (Laws 1896, c. 908), for the purpose of taking additional proof before their report is acted on by the court.

3. SAME—EXEMPTIONS.

> The transfer tax law (Laws 1896, c. 908, as amended by Laws ·1898, c. 88), exempting from the tax (section 221) property devised or bequeathed to a bishop, includes property devised or bequeathed to an archbishop, or the cardinal archbishop, in his official capacity.

In the matter of the appraisal of the property of Margaret Kelly, deceased, under the act relating to taxable transfers of property. On motion to remit the proceeding to the appraiser to take testimony as to the status of a legatee. Denied.

Emmet R. Olcott, for the motion.

W. Hildreth Field and C. A. Deshon, opposed.

William E. Gilhooly, for executors.

VARNUM, S. Motion on behalf of the comptroller of the city of New York to remit tax proceeding to appraiser for the purpose of introducing testimony as to the status of Archbishop Corrigan in the Catholic Church. The latter received under the will of testatrix a legacy of $200,000, which was regarded as exempt under the act by the appraiser. It would appear that the comptroller now seeks to review this decision, and, to enable him to do so, desires to introduce evidence showing that there is a difference between a "bishop" and an "archbishop," and that the latter is not entitled to the exemption accorded to the former under section 221 of the tax law. No order has yet been entered on the report of the appraiser. A notice of appearance was filed on behalf of the archbishop, which included a claim to exemption from the tax. The appraiser does not in terms declare the legatee exempt, except inferentially, by omitting his name from the list of taxable interests. It is urged on the part of the respondent that a motion to remit the report back to the appraiser before the court has acted upon it is premature; that objections to the report can only be taken on appeal from the pro forma order entered on the appraiser's report. While cases may arise where, even after the entry of the pro forma order, and after the time to appeal has expired, the surrogate may receive new testimony on the matter involved (In re Westurn's Estate, 152 N. Y. 93–103, 46 N. E. 315), the better practice is to have the appeal from the surro-

gate's formal order based upon the proofs before the appraiser. But it has been by no means unusual in this court to remit a proceeding to the appraiser for the introduction of additional proof at this stage. It is within the discretion of the court. The provisions of the act referring to reappraisals in certain cases on application to the supreme court have no relation to this application, and in no wise affect the jurisdiction of the surrogate's court. Assuming, therefore, that such a remittal of the report to the appraiser to take further proof would be within my powers, I do not regard such a course either necessary or desirable in this case. Admitting that exemption in tax matters is not favored, and cannot be established by doubtful implication, I do not consider that there is any serious question of construction in this case. The transfer tax law (chapter 908, Laws 1896, as amended by chapter 88, Laws 1898) provides, in section 221, that "any property heretofore or hereafter devised or bequeathed to any person who is a bishop, or to any religious corporation, shall be exempt from and not subject to the provisions of this act." The clear intent and object of the provision above quoted were to exempt the property held by religious corporations, whether held in the name of the corporation itself, or (as is the well-known custom in some religious denominations) in the name of one of the religious heads of the church or denomination. The statute uses only the word "bishop," but I have no question that it covers a bequest made to an archbishop, or the cardinal archbishop, in his official capacity, as they are all, unquestionably, bishops, as well as the religious and temporal heads of their church. See Church of Transfiguration v. Niles, 86 Hun, 221, 33 N. Y. Supp. 243.

Motion denied.