Surrogate's Court, New York County, October, 1920.    [Vol. 113.

Matter of the Estate of RAMON GUITERAS, Deceased.

(Surrogate's Court, New York County, October, 1920.)

**Transfer tax — exemption — bequest for public schoolhouse without state.**

> A bequest to a town in the state of Rhode Island for a public schoolhouse is exempt from the payment of a transfer tax by section 221 of the Tax Law.

APPLICATION to annul an order fixing the transfer tax.

Carter, Ledyard & Milburn (Heber Smith, of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOLEY, S.   The application to amend order dated September 26, 1918, fixing transfer tax is granted. Decedent left his entire residuary estate, approximately $260,000, to the town of Bristol, R. I., " for the purpose of erecting a public schoolhouse to be called the Guiteras School Building, in memory of Elizabeth Wardwell Guiteras, my mother." The state comptroller urges that the legatee is not " an educational corporation " within the provisions of section 221 of the Tax Law, and that the transfer is taxable. An examination of that statute, of the provisions of the Education Law and of other statutes, however, convinces me that this transfer should be exempt. There is no statutory definition of an educational corporation. The General Corporation Law is silent as to what corporations come within that designation. The Education Law defines the functions and duties of the regents of the university of the state of New York and of the state education department and confers upon them general management and supervision in

educational matters over cities and school districts,
public in their nature, and colleges, academies and
other private institutions. A board of education is
established in each city of the state (art. 33a). The
construction urged by the comptroller would make a
legacy of this kind exempt if passing to a private col-
lege or school, but subject to taxation if passing to a
city, town or school district for public school purposes.
Can such narrow and discriminatory purpose be
attributed to the legislature in the enactment of this
section? I think not. The language must be given a
broad and comprehensive meaning. The cardinal rule
in the interpretation of statutes is to give effect to the
intention of the legislative body which enacted them.
This intention is primarily to be ascertained from the
language used, giving thereto the ordinary meaning.
*Osborne* v. *International R. Co.*, 226 N. Y. 421, 425;
*People ex rel. Onondaga County Sav. Bank* v. *Butler*,
147 id. 164. There is no more important function of
government than education. Our state Constitution
requires that the legislature shall provide for the
maintenance and support of a system of free common
schools, wherein all the children of the state may be
educated. Const., art. 9, § 1. To hold that the legis-
lature intended to confine the exemption to private
schools would require an inference that it deliberately
ignored the constitutional mandate. It would also
charge the legislature with ignorance of the provisions
of the Education Law (heretofore quoted) passed at
its same session in 1909. Legacies for the support of
public schools should be encouraged and should not be
diminished by deductions for purposes of taxation.
The legislature clearly intended that the state should
not profit from such gifts, for they relieve the general
burden of the expense of education. The language of
this section by an amendment made in 1905 was

Surrogate's Court, New York County, October, 1920. [Vol. 113.

changed by the elimination of the word " exclusively " which characterized the scope of educational and other corporations. *Matter of Mergentime,* 129 App. Div. 367; affd., 195 N. Y. 572. In *Matter of Saunders,* 77 Misc. Rep. 54, an exemption was allowed in the case of a bequest to the city of Yonkers for a trade school. A municipal corporation maintaining a free school system as one of its functions is clearly an educational corporation within the statutory exemption. Neither can this exemption be denied to cities and towns of other states and limited to municipal and other public corporations of this state. The section reads that the exemption shall apply to such corporations " wherever incorporated." Surrogate Slater of Westchester county, in *Matter of Burnham,* 112 Misc. Rep. 560, recently held such transfers were exempt when made to a town situated in Connecticut. The decisions in this county in *Matter of Miller,* 109 Misc. Rep. 267, and *Matter of Carpentier,* N. Y. L. J., Dec. 24, 1919, have no direct application, as neither related to gifts to educational corporations. It is claimed that the use of the words in section 221 exempting gifts of " real property to municipal corporation in trust for a specific purpose " is an indication of legislative intent to tax gifts other than of real property. This clause, however, must be held to be an additional exemption in favor of such gifts of real property for all *public* purposes other than " religious, educational, library, charitable " and others enumerated at the beginning of that section of the Tax Law. The construction adopted by me follows the liberal interpretation given to exemptions by the Appellate Division, first department, in *Matter of Mergentime, supra,* and *Matter of Rockefeller,* 177 App. Div. 786. In the exercise of discretion the original order is amended. Motion granted.

Motion granted.