MATTER OF RAMON GUITERAS.          **523**

Misc. 523]     Surrogate's Court, New York County, February, 1924.

In the Matter of the Estate of RAMON GUITERAS, Deceased.

Surrogate's Court, New York County, February, 1924.

Transfer tax — the statute (Laws of 1920, chap. 765) amending **Tax Law,**
    section 221, directing cancellation or refund of taxes previously assessed,
    pursuant to Tax Law, section 221-b, unconstitutional — when minis-
    terial order of surrogate fixing transfer tax subject to judicial correction
    — violation of Constitution not condoned by fact that corporations
    exempted by invalid amendment to Tax Law are charitable, religious
    or educational.

The state cannot by the unauthorized act of a public official be deprived of money
    lawfully due it.

The statute (Laws of 1920, chap. 765), amending section 221 of the Tax Law, so
    far as it directs the cancellation or refund of taxes previously assessed under
    section 221-b of the Tax Law, which had been repealed by chapter 644 of the
    Laws of 1920, violates the constitutional provision (Constitution of the state,
    art. VIII, § 9) which declares that " neither the credit nor the money of the
    state shall be given or loaned to or in aid of any association, corporation or
    private undertaking," etc.

The appraiser's report in the transfer tax proceeding in the matter of the estate
    of one who died a resident of this state in 1917 recommended the assessment
    of a tax upon the transfer of the secured debts. By some method unexplained
    in the record the order fixing the tax did not include this additional tax. An
    appeal was taken by the state from said order upon the ground that it did not
    include a tax of five per centum under former section 221-b of the Tax Law
    on secured debts of the value of $49,296.84. *Held*, that the said amendatory
    statute of 1920 was invalid and unconstitutional.

The ministerial order of ·the surrogate fixing the transfer tax was subject to
    judicial correction and an order sustaining the appeal therefrom and modifying
    said order may be entered.

After the appeal taken by the state, the court, upon a motion by the estate for
    a modification of the order fixing the tax upon the ground that a legacy to a
    town in Rhode Island for educational purposes was exempt from the ordinary
    transfer tax, held that said legatee was within the exempt class and modified
    the order accordingly. *Held*, on the present appeal, that the fact that the
    corporations exempted from the payment of a transfer tax by the invalid
    amendment of 1920 to section 221 of the Tax Law, are charitable, religious or
    educational institutions, in no way condoned the violation of the Constitution.

TRANSFER tax proceeding.

*Carter, Ledyard & Milburn* (*Thomas A. S. Beattie* and *Joseph F.
McCloy*, of counsel), for executors.

*Charles A. Curtin* (*A. Wells Stump*, of counsel), for State Tax
Commission.

FOLEY, S.   This is an appeal from the order fixing tax, made the
26th day of September, 1918, originally taken by the state

comptroller and continued by his successor, the state tax commission. The ground of appeal is that the order fixing tax did not include a tax of five percentum under former section 221-b of the Tax Law on secured debts of the value of $49,296.84. The question to be decided is whether chapter 765 of the Laws of 1920, amending section 221 of the Tax Law, is valid and constitutional in so far as it directs the cancellation or refund of taxes previously assessed under section 221-b. The decedent died a resident of this state on December 13, 1917. The appraiser's report in the transfer tax proceeding recommended the assessment of a tax upon the transfer of the secured debts. By some method, unexplained in the record, the ministerial order of the surrogate fixing the tax did not include this additional tax. The state immediately appealed from this order, but by the consent of the parties the appeal was marked "reserved generally." It has now been restored to the calendar and awaits decision herein. After the appeal was taken, a motion was made by the estate for an order modifying the order fixing tax upon the ground that the transfer of the legacy to the town of Bristol, R. I., for educational purposes, was exempt from the ordinary transfer tax. It was held that the legatee was within the exempt class and the order fixing tax was modified accordingly. *Matter of Guiteras,* 113 Misc. Rep. 196; affd., 205 App. Div. 886. No question as to the application of section 221-b was involved in that application, and the present appeal relates exclusively to the additional tax, if any, due under that section. The state tax commission claims that the amendment of section 221 is retroactive and violated article VIII, section 9, of the State Constitution. I am of the opinion that this contention is correct and the order fixing tax must be modified by including a tax of five per cent upon the transfer of the value of the secured debts in this estate. That section of the Constitution reads as follows: " Neither the credit nor the money of the State shall be given or loaned to or in aid of any association, corporation or private undertaking. This section shall not, however, prevent the Legislature from making such provision for the education and support of the blind, the deaf and dumb, and juvenile delinquents, as to it may seem proper. Nor shall it apply to any fund or property now held, or which may hereafter be held, by the State for educational purposes." Section 221-b was originally enacted by chapter 700 of the Laws of 1917. In *Matter of Le Fevre,* 233 N. Y. 138, it was held that a corporation, exempt from the ordinary transfer tax, was not entitled to an exemption from the additional tax imposed by that section. Judge Crane in his opinion said (p. 142): " The Home for Needy Children [the transferee] does not take this devise or bequest free

MATTER OF RAMON GUITERAS. **525**

Misc. 523]    Surrogate's Court, New York County, February, 1924.

from its proportionate part of this tax.   The testatrix did not pay her personal property tax upon these bonds in her lifetime and in consequence her estate is called upon to pay the amount fixed by the above section [221-b] at her death.   The estate which the testatrix left, and which passes under her will to her devisees and legatees including this charitable corporation, consists of that portion which remains after the payment of this tax and all debts and expenses."   By chapter 644 of the Laws of 1920 the legislature repealed section 221-b, and by chapter 765 of that year (in effect May 13, 1920) it amended section 221 of the Tax Law to read as follows: " and the provision of section two hundred and twenty-one-b of this article enacted by chapter seven hundred of the laws of nineteen hundred and seventeen shall not apply to a bequest *heretofore made* * * * to any one or more of the corporations wholly exempted from and not subject to the provisions of this article, and in all estates where an additional tax under section two hundred and twenty-one-b has been heretofore imposed * * * on a bequest *heretofore made* to one or more of the wholly exempt corporations above named, the executors or trustees of the estate may apply to the surrogate of the proper county to have the taxing order amended by exempting such transfers from the additional tax under section two hundred and twenty-one-b and the state comptroller upon receipt of such amended order of the surrogate is hereby authorized to make the proper refund in all estates where it appears from his records that such additional tax has been paid.   * * * *"

The state tax commission cites the decision in *Matter of Burnham,* 236 N. Y. 608, as conclusive upon the invalidity of the retroactive part of this amendment   That decision was without a supporting opinion and it is unfortunate that the court did not state the reasons for its determination, but there is no question as to the effect of its decision.   It plainly decided that the act was unconstitutional in that respect.   In that case, as here, a preliminary question was raised as to the exemption from the ordinary tax on transfers to two municipal corporations for charitable and educational purposes.   The Court of Appeals held that these transfers were exempt from the ordinary tax.   Thereafter, in 1922, an application was made to the surrogate to modify the order fixing tax under the provisions of the 1920 amendment so as to eliminate the additional tax under section 221-b.   Surrogate Slater's order denying the application was made on the 23d day of January, 1922, and his decision was affirmed by the Court of Appeals.   An examination of the briefs of the parties in that court shows that the tax commission asserted that the retroactive part of the statute was unconsti-

tutional.    The questions certified by the Appellate Division were answered as follows:

" 2. Are the appellants herein entitled to a refund under said section of the additional tax under section 221-b of the Tax Law imposed by the taxing decree herein, against the exempt corporations therein named?    Answer, No.

" 3. Did the provisions of the Transfer Tax Law as they existed on February 13, 1920, the date of the entry of the taxing decree herein, authorize the Surrogate's Court of Westchester county to impose an additional tax under section 221-b of the Tax Law upon the transfer of ' investments ' as defined in section 330 of the Tax Law, to the exempt corporations named in this proceeding? Answer, Yes."

Questions 1 and 4 are immaterial to the circumstances here and related respectively to the time of taking effect of the act and as to whether a deduction for debts and expenses could be made.

In its decision the court stated that question No. 1 was answered " simply as applicable to the particular facts of this case."    No such limitation was applied to questions 2 and 3.    It is clear that the answer to question 2 is conclus ve here and that the estate is not entitled to a cancellation of the additional tax due the state. A discussion of the application of the constitutional section to the amendment of 1920 may be of some advantage in my decision here.    The section of the Constitution prohibiting the legislature from giving or loaning the credit or money of the state in aid of a corporation, association or private person, was one based upon sound public policy.    Otherwise, the people of the state would be at the mercy of an indulgent or corrupt legislature which might vote away to private individuals or corporations a substantial part of the funds in the state treasury.    If such practice was not prohibited it is easy to appreciate the demands that would be made by special interests, either taxpayers or others, to secure the favor of the legislature in the form of a return of taxes or a gift of public moneys.    In the words of Judge Andrews in the recent veterans' bonus case:    " Conscious of this human weakness, to guard against public bankruptcy the people thought it wise to limit the legislative power.    The courts must see to it that their intentions are not frustrated or evaded."    *People* v. *Westchester Co. Nat. Bank*, 231 N. Y. 465, 475.    It is immaterial whether the funds are actually voted out of the state treasury, or are remitted by cancellation of a tax, validly due but unpaid.    The result is the same and the constitutional provision was intended to prohibit either form of diversion.    The Court of Appeals has held that taxes, penalties and license fees imposed by statute, but uncollected, by

the state, are public moneys, within the constitutional restriction. *Fox* v. *Mohawk & H. R. Humane Society*, 165 N. Y. 517, 522. The amount of tax which would be lost to the state, if the validity of this amendment were sustained, would be very large, for in one estate in this court the additional tax approximated $150,000. If the legislature may cancel the taxes of charitable corporations retroactively or direct a refund, it could, for example, authorize the return of the income tax paid in 1922 to persons within designated classes, or cancel state taxes due from specifically named corporations or individuals, thereby transferring the burden of taxation to less favored classes. All of these contingencies, and the evils to be prevented, must have been in the minds of the delegates to the Constitutional Convention of 1846 when this salutary provision was first written into the fundamental law. 4 Lincoln's Const. Hist. of New York, 680; 2 id. 91. In other states somewhat similar provisions of the Constitution have been held to prohibit the cancellation or refund of taxes. Gray Lim. Taxing Power, 908, 939. In California in *Estate of Stanford*, 126 Cal. 112, an act almost similar in terms to the amendment involved here was held to be void. See, also, *Estate of Martin*, 153 Cal. 225; *Trippet* v. *State*, 149 id. 521; *Illinois Central R. R. Co.* v. *Commonwealth*, 128 Ky. 268. It is immaterial also here that the assessment of the tax has not been completed. Under section 222 of the Tax Law these taxes are due and payable at the time of the transfer, which in this case was the date of death of the decedent in 1917. *Matter of Penfold*, 216 N. Y. 163; *Matter of Seaman*, 147 id. 69; *Matter of Estate of Swift*, 137 id. 77. The ministerial order of the surrogate fixing tax is made subject by law to judicial correction in this appeal. It is elementary that the state cannot be deprived of the money lawfully due it by the unauthorized act of a public official. If the amendment of 1920 was construed to prohibit a refund of taxes already paid, but to authorize a cancellation of taxes not paid, an absurd and unjust discrimination would result. As emphasized by the opinion of the court in *Matter of Stanford, supra*, an executor who had been prompt in complying w th the law and protecting the beneficiaries of estates from a penalty would be punished for his good conduct, while a dilatory and negligent executor would be rewarded by releasing to the estate what actually belonged to the state treasury. The fact that the corporations invalidly exempted by the legislature are charitable, religious or educational corporations does not in any way condone the violation of the Constitution. In the instant case the legatee is a town in Rhode Island. By no stretch of the imagination could it be brought within any public purpose of our state.

I can find but one decision of the lower courts that has ever sustained a similar statute. *Church of the Transfiguration* v. *Niles*, 86 Hun, 221. The opinion there makes no reference to the constitutonal restriction and nothing more is said in justification of the attitude of the court, but the mere assertion that it was within the power of the legislature to exempt a religious corporation, retroactively, from a tax.

Submit order sustaining the appeal and modifying the order fixing the tax accordingly.

Decreed accordingly.