ATALA PELLETIER MENA and Another, Plaintiffs, *v.* ADELE PELLETIER VIRNARD and Another, Defendants.

Supreme Court, New York Special Term, January 16, 1925.

Wills — construction — trust for purpose of founding hospital in Italy valid — law of Italy applied in determining validity of trust — bequest of life estate in all personal property and effects in testator's home at time of his death does not include securities and bank pass books — rule of ejusdem generis not applicable.

The provision in a will directing the sale of certain real property and the transmission of the proceeds, together with the residuary personal property, to a trustee in Italy, for the purpose of founding a hospital, is valid. The law of Italy will be applied in determining the validity of such a trust.

A provision in a will which, after devising the rents and profits of real estate to certain beneficiaries for life, gives to them all the testator's personal property and effects in his home at the time of his death, does not include bonds and mortgages and bank pass books found in testator's house at the time of his death.

The rule of *ejusdem generis* is not applicable because the words of general import " all my personal property and effects " do not follow and are not used in connection with words of special or narrower import.

ACTION for the construction of a will.

*Reuben Leslie Maynard,* for the plaintiffs.

*Baldassare Lamberta,* for Filippo Bilello and another, as executors and trustees, etc.

*Robert E. Manley,* for the defendant Virnard.

*Daly, Hoyt & Mason* [*Frederic D. Philips* of counsel], for the defendants, The Mayor, etc., of Santa Margherita Belice, Italy.

BENEDICT, J.:

The testator's disposition of property for the purpose of founding a hospital in his native place in Italy is, in my opinion, valid. The testator directed his real property, subject to certain life estates affecting two parcels, to be sold, and the proceeds, together with his residuary personal property, to be transmitted to a trustee in Italy, there to be applied to the carrying out of his charitable purpose. Under such circumstances our courts apply the law of Italy in determining the validity of the trust. (*Hope* v. *Brewer,* 136 N. Y. 126; *Chamberlain* v. *Chamberlain,* 43 id. 424.) Testimony was given by a learned Italian lawyer, which was sufficient, I think,

to establish the validity of the trust under the Italian law. This witness apparently misunderstood one provision of the will, in that he assumed that the Banca d'Italia was to pass the principal of the trust fund over to the municipal authorities, whereas my understanding of the will is that the bank was to retain the principal and only pass the income to the municipal authorities. But I do not regard this as important.

A more serious difficulty arises in connection with the construction of the first paragraph of the will, which reads as follows:

" *First,* after my lawful debts are paid, I give and bequeath unto (1) Atala Pelletier (Mena) and (2) Adele Pelletier (Virnard), two very honest and refined sisters, widows, who, for the past 28 years, have taken care of my home and rendered most satisfactory and valuable services to me, without receiving any compensation thereof, both of the borough of Brooklyn, city and state of New York, share and share alike, for their individual support and sustenance, during their respective lives, all the rents and profits arising from my two parcels of property known as No. 5811 Sixteenth avenue and No. 18 Jefferson street, in the borough of Brooklyn, city of New York; and in the event of the death of either of the said Atala Pelletier (Mena) and Adele Pelletier (Virnard) the one surviving the other shall have all the said rents and profits for her sole use, support and sustenance until her death. Giving and bequeathing unto them, further, all my personal property and effects in my home at the time of my death, for their sole use, benefit and enjoyment during their lives, share and share alike."

The question is: What personal property was included in the bequest to the testator's housekeepers? At his death there were found in the house where the testator lived, besides his clothing and a small amount of furniture, bonds and mortgages for sums aggregating $15,000, a savings bank book of the Dime Savings Bank showing a balance of $466.70, and a passbook issued by the Title Guarantee and Trust Company, in which the testator had at his death a deposit of $2,124.37. The defendants Mena and Virnard claim a life interest in this property under the last sentence of the paragraph above quoted. This claim is contested by the coexecutors of the plaintiff Mena (who appears as plaintiff as executrix and as defendant as an individual) and by the municipality in Italy in which the proposed hospital is to be established.

They rely strongly upon the rule of *ejusdem generis,* and the authorities which they cite are mostly cases involving the application of that rule. The present case, however, is one to which that rule is not applicable, because the words of general import, " all my personal property and effects," do not follow and are not used in

connection with words of special or narrower import. The difficulty arises from the use of the words " in my home." The English authorities hold that a bequest of all the personal property or of all the chattels in a certain house will not pass title to choses in action the evidences of which are in the house at the testator's death. (*Hertford* v. *Lowther*, 7 Beav. 1, and cases cited.) The only American case which I have been able to find where the precise question has been presented is to the same effect. (*Matter of Alexander*, 45 Pitts. Leg. J. 465.) Cases where the contents of a desk or a drawer in a safe are bequeathed are not in point. (*Robson* v. *Hamilton*, L. R. [1891] 2 Ch. 559; *Gaff* v. *Cornwallis*, 219 Mass. 226.) In the case of *Ritch* v. *Talbot* (74 Conn. 137), where testator gave all his real and personal property " situated in Gaylordsville, Litchfield county, and State of Connecticut," the will was held to pass title to choses in action due from residents of that place. If this case can be regarded as contrary to the doctrine above stated, I am bound to say that it is against the weight of authority.

Apparently testator did not intend that the life tenants should live on the premises, since he gave them the rents and profits only. I am, therefore, constrained to hold that the two bonds and mortgages and the bank passbooks found in testator's house were not bequeathed to the defendants Mena and Virnard for life. This being, in effect, an action brought by trustees for directions, the court will render judgment directing them to proceed to sell the real property, except that devised for life to the two housekeepers, and to transmit that and the personal property not bequeathed to said housekeepers for life, or to other relatives, to the Banca d'Italia to be applied to the charitable trust created by the will, and I will direct them not to interfere with the property devised and bequeathed to the housekeepers for life, consisting of household furniture and other tangible chattels, until the termination of the life estates, when they will proceed to dispose of that as directed in the will. This, I think, is as far as this court can go in the present action.

I have passed upon the requests to find submitted by the respective parties. One bill of costs will be allowed to the plaintiff, with an additional allowance of $500, one bill to the defendant Virnard, with an additional allowance of $300, and one bill of costs to defendant municipality, with an additional allowance of $100, all payable out of the fund. Let the plaintiffs prepare and submit a decision embodying all findings of fact and conclusions of law made for any party, and a judgment in conformity therewith.

Judgment accordingly.