In the Matter of the Estate of WILLIAM D. PACKARD, Deceased.

UNION TRUST COMPANY OF CLEVELAND, OHIO, and Others, as Executors, etc., of WILLIAM D. PACKARD, Deceased, Appellants; STATE TAX COMMISSION and Another, Respondents.

Fourth Department, May 2, 1928.

Executors and administrators — ancillary letters — error to revoke on ground that decedent was resident of New York — taxation — transfer tax — error not to exempt trust created for Boy Scout organization and for erection of music hall in city in Ohio — proof may show right to exemption under Tax Law, § 221 — gift for music hall was for educational purpose — city is educational corporation under Tax Law, § 221 — error to include certain personal property having situs in Ohio.

It was error for the court to revoke ancillary letters testamentary on the ground that the decedent was domiciled in the State of New York, for the evidence

clearly establishes that the decedent was domiciled in the State of Ohio at the time of his death.

The court refused to exempt trusts created for the benefit of the Boy Scout organization of Trumbull county, O., and for the construction of a fireproof music hall at Warren, O. Since proof may show that the Boy Scout organization is a " religious, educational, * * * charitable, * * * [or] benevolent * * * corporation," within section 221 of the Tax Law, it was error to refuse to exempt the trust. The gift to the city for a music hall was a gift for an educational purpose and the city is an educational corporation under section 221 of the Tax Law.

The court improperly included household goods situated in Ohio and certain other personal property which has no legal situs for taxation purposes in this State, and furthermore the court failed to take into account that deductions have not been made for taxes paid to the State of Ohio.

APPEAL by Union Trust Company of Cleveland, Ohio, and others from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 24th day of January, 1928, with notice of intention to bring up for review an *ex parte* order made on the 26th day of November, 1926, and also from an order made on the 31st day of January, 1928, dismissing an appeal from a *pro forma* order made on the 24th day of January, 1928, fixing and assessing transfer taxes.

*Marion H. Fisher* [*Rollind I. Gillmer* of counsel], for the appellants.

*Patrick S. Guinnane*, for the respondents.

PER CURIAM. The finding of the surrogate that at the time of the death of William D. Packard on November 11, 1923, he was domiciled in the State of New York is contrary to and against the weight of the evidence. We find that he was domiciled in the State of Ohio. That was his original domicile, and we find nothing presented which convinces us that he made any change. (*Dupuy* v. *Wurtz*, 53 N. Y. 556; *Matter of Newcomb*, 192 id. 238; *Matter of James*, 221 id. 242, 256; " Restatement No. 1 of Conflict of Laws," published by American Law Institute, March 1, 1925.)

The exemption claimed for the trusts created for the benefit of the Boy Scout organization of Trumbull county, O., and for the construction of a fireproof music hall at Warren, O., should not have been disallowed. Proof, if taken, may show that either the Boy Scout organization or the Salvation Army (the trust as to which was exempted) was a " religious, educational, * * * charitable, * * * [or] benevolent * * * corporation " (Tax Law, § 221, as amd. by Laws of 1920, chap. 765, first sentence), or that both of them were such. The trust created for the building of a fireproof music hall in Warren, O., was substantially a gift to the city for an educational purpose. And the city of Warren, O., was an " educational * * * corporation " under section 221 of

the Tax Law (as amd. *supra*).  (*Matter of Guiteras*, 113 Misc. 196; affd., 205 App. Div. 886.)

Concededly the taxing order incorrectly included household goods and a pipe organ situate in the State of Ohio.  It seems also that this order includes personal property having no legal situs for taxation purposes in the State of New York, or that deductions have not been made for taxes paid to the State of domicile (Ohio). (Tax Law, § 220, subds. 1, 2, as amd. by Laws of 1922, chap. 430; *Frick* v. *Pennsylvania*, 268 U. S. 473; *Rhode Island Hospital Trust Co.* v. *Doughton*, 270 id. 69.)   The taking of proof as to this matter, in connection with the others mentioned, may bring about a result in accordance with the real facts.

The decree revoking the ancillary letters testamentary should be reversed on the facts and the motion denied, with costs to appellant. The taxing order of January 24, 1928, and the order of January 31, 1928, dismissing the appeal from the taxing order should be reversed and the taxation matter remitted to the surrogate of Chautauqua county, to the end that after taking proof or proceeding otherwise as he may be advised, the surrogate may enter a taxing order in accordance with the law and facts and with this opinion.

All concur.   Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Decree revoking ancillary letters reversed, with costs.   Order dismissing appeal to surrogate and the taxing order reversed and taxation matter remitted to the surrogate to proceed in accordance with the opinion.