In the Matter of the Estate of IDA F. FEEHAN, Deceased.

Surrogate's Court, New York County, October 22, 1929.

*Platt, Field & Taylor*, for the petitioner.

*Cullen & Dykman*, for the Brooklyn Trust Company.

*Frank H. Stewart*, for the trustee of Lotta M. Crabtree.

*Antonio C. Gonzalez*, special guardian.

FOLEY, S. In this accounting proceeding the question arises as to the validity of a gift for a charitable purpose set forth in the will. The material provision in dispute is the residuary clause which reads as follows: " All the rest, residue and remainder of my estate I give, devise and bequeath to the fund created by Lotta M. Crabtree for the benefit of the Disabled Veterans of the World War."

The following facts have been stipulated: Lotta M. Crabtree died September 25, 1924, a resident of the State of Massachusetts. A few days later, namely, on September 30, 1924, six New York city newspapers carried reports concerning her death and the fund which her will created for men and women who had incurred disabilities through service in the World War, and four of these papers, each of which had a large circulation in New York city, published extracts of her will, particularly the provisions thereof creating the fund mentioned.

Ida F. Feehan, the testatrix herein, made her will November 6, 1924. She died April 7, 1925, and her will was admitted to probate in this court on July 7, 1925. The will of Lotta M. Crabtree was not admitted to probate in Massachusetts until August 25, 1928. After that date Clarence R. Edwards, Frederic H. Chase and Joseph R. McCoole qualified as trustees and subsequently caused the Lotta Crabtree Fund for Disabled Veterans to be incorporated under the law of Massachusetts. These trustees, however, have still functioned in their fiduciary capacity in connection with the administration of the fund.

The question presented is whether the gift contained in the residuary clause of Ida F. Feehan's will to the fund established in Massachusetts was a valid testamentary gift. The rule of law which governs is that gifts to foreign trustees will be upheld in this jurisdiction, if valid in the place where the trust is to be administered (*Hope* v. *Brewer*, 136 N. Y. 126; *Mena* v. *Virnard*, 124 Misc. 637; *Matter of Rasquin*, 159 App. Div. 845.) " The courts of this State will not administer a foreign charity, but they will direct money devoted to it to be paid over to the proper parties, leaving it to the courts of the State within which the charity is to be established, to provide for its due administration and for the proper application of the legacy. * * * Bequests in aid of foreign charities, valid and legal, in the place of their existence, will be supported by the courts of the State in which the bequest are made." (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424.)

Under these rules I hold that the bequest of the residuary estate to the Lotta Crabtree Fund is a valid gift.

Its purpose and object are sufficiently described and identified. The gift to the " fund " is a gift to the trustees thereof who are to administer it. The intent of the testatrix here is reasonably clear. The precedents in this State have sustained similar gifts. Thus in *Hope* v. *Brewer* (136 N. Y. 126) the bequest was to trustees in Scotland to establish and maintain a hospital there, and in *Mena* v. *Virnard* (124 Misc. 637) it was to a trustee in Italy for the purpose of founding a hospital in that country. In the former case the gift was concededly illegal under the existing law of the domicile — New York — because the identity of the beneficiaries was too vague and indefinite. It was upheld, however, because of the recognition of its validity in Scotland. The court, after discussing the rule as to wills executed in other States by persons domiciled there, said: " In order to sustain this will, we must go a step farther and hold another but a kindred proposition, namely, that a disposition of personal property made in this state, by a competent testator, in a valid testamentary instrument, to trustees in a foreign country, for the purposes of a charity to be established in that country, is valid, although not in compliance with our statute or the rules of law in force here in regard to trusts and perpetuities, providing it is valid by the law of the place where the gift is to take effect, and which governs the trustee and the property when transmitted there." After quoting extensively from *Chamberlain* v. *Chamberlain* (43 N. Y. 424) and other leading cases on the subject, the court concluded: " Even if it be assumed that the bequest of the residuary estate to the Scotch trustees in trust for the purpose of founding and maintaining the hospital, should be

held void under our law for the reason that the absolute ownership of personal property is unlawfully suspended or that the beneficiaries of the trust are not sufficiently specified or defined, still that does not render the disposition invalid as these objections do not apply to a gift in trust to be administered in Scotland and perfectly valid there. This result, I think, is in harmony with the general tendency of courts to sustain testamentary dispositions of property when it fairly can be done under the rules of law, and in accordance with principles of enlightened justice." The laws of New York, therefore, have no application to the question in dispute.

In the present case the validity of the gift under the laws of Massachusetts is established by the affidavit of an attorney of that State. The contents of his affidavit, which are undisputed, show (1) the sufficiency of the identification of the legatees; (2) the validity of the trust in Massachusetts where the will of Lotta Crabtree has been admitted to probate and trustees of the fund appointed, and (3) the authority of the trustees, both under the will of Lotta Crabtree and the Massachusetts law, to accept and hold additional funds such as those given by the will of this testatrix.

The incorporation of the will of Lotta M. Crabtree into the present will by reference is not necessary to sustain the gift. The doctrine of incorporation by reference, therefore, had no application to this case. The gift was directly to the trustees of the Crabtree Fund. They became entitled to receive the gift, upon their appointment and qualification, because of its validity in the State where the charitable trust is to be administered.

Submit decree on notice construing the will and settling the account accordingly.