In the Matter of the Estate of SELMA HAMMARGREN, Deceased.

Surrogate's Court, New York County, May 2, 1936.

*Joseph H. Hayes,* for the executrices.

*Edgar Hirschberg* [*John J. Fay* of counsel], for the State Tax Commission.

FOLEY, S. Upon this motion to fix the estate tax, the question presented is whether a legacy to the teachers' retirement fund is exempt from tax. The testatrix in her lifetime was a member of the teachers' retirement system, and the sixth paragraph of her will reads:

" *Sixth.* I hereby relinquish all my right, title and interest in the Teachers' Retirement Fund and give and bequeath to such fund or its lawful custodians all my said interest together with my deposit in the Union Dime Savings Bank."

The decedent's interest in the teachers' retirement fund amounted to $15,498.71. The question has been presented to the surrogate solely on the basis of whether the proceeds from this fund are to be treated as insurance when payable to the estate and not to a designated beneficiary. If insurance, the amount would be exempt, as it does not exceed $40,000. The determination of that proposition is wholly immaterial, as the problem involved is whether this legacy to the teachers' retirement fund is entitled to an exemption from tax under section 249-s of the Tax Law. This section provides the method of determining the net estate. Subdivision (3) thereof authorizes a deduction of " The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation, wheresoever incorporated or located, organized and operated exclusively for religious, charitable, scientific, literary, patriotic, historical, bar association, or educational purposes."

The teachers' retirement system (Greater New York Charter, § 1092) was established as a part of the free educational system of the city of New York. By the charter provision a retirement board is established consisting of seven members: the president of the board of education, the comptroller of the city of New York, two appointees of the mayor of the city of New York, one of whom shall be a member of the board of education, and three members selected by and from among the contributors. The members of the board are required to take an oath of office, which is filed in the office of the clerk of the county of New York. The board possesses the powers and privileges of a corporation and has as its legal adviser the corporation counsel of the city of New York. The city comptroller is the custodian of all the funds of the system, which consist of contributions from the members and corresponding payments from the city of New York based on actuarial values. The board is specifically authorized to receive as part of the funds " the donations, legacies and gifts which may be made to the retirement system." The interest of the members is based solely on actuarial values, and they have no additional interest in any gains or profits upon any investments made by the board. The gift of this testatrix, therefore, inures solely to the benefit of the city of New York. To the extent of the legacy, the city's contribution to its free educational system is reduced and the general burden of the expense of education is relieved.

I hold, therefore, that the legacy comes within the quoted language of section 249-s of the Tax Law as a gift for public purposes to a political subdivision of the State. I hold, further, that the

legacy is exempt as a gift to a corporation for educational purposes. Statutes granting exemptions on such bequests should be liberally construed, and our courts have repeatedly refused to diminish the bequest by taxing its transfer. (*Matter of Rockefeller*, 177 App. Div. 786; affd., 223 N. Y. 563; *Matter of Mergentime*, 129 App. Div. 367; affd., 195 N. Y. 572.) A municipal corporation maintaining a free school system as one of its functions is an educational corporation within the meaning of the statute, and the legacy to it is exempt from tax. (*Matter of Saunders*, 77 Misc. 54; *Matter of Burnham*, 112 id. 560; affd., 196 App. Div. 948; *Matter of Guiteras*, 113 Misc. 196; affd., 205 App. Div. 886.) The exemption of this legacy from tax renders this estate exempt from the payment of any estate taxes.

Submit order of exemption on notice.