In the Matter of the Estate of ALPHONSE J. STEPHANI, Deceased.

Surrogate's Court, Clinton County, September 18, 1937.

*Gillespie & O'Connor* [*George J. Gillespie, Jr.*, of counsel], for Nicholas A. Donnelly, administrator *c. t. a.*

*Charles Irving Oliver*, for the City Bank Farmers Trust Company, administrator *c. t. a.*

*Martin M. Goldman* [*Seth T. Cole, Mortimer M. Kassell* and *Harry T. O'Brien, Jr.*, of counsel], for the State Tax Commission.

HARRINGTON, S. In this proceeding the administrators *c. t. a.* pray for an order exempting the estate from any transfer tax, alleging that the entire estate is bequeathed for charitable purposes. No inventory has been filed nor does the petition in this proceeding show the assets of the estate. However, a stipulation by counsel previously filed in this court indicates that the assets of the estate exceed $400,000. This court declined to admit decedent's will to probate (*Matter of Stephani*, 159 Misc. 43). The decree of this court denying probate was reversed (*Matter of Stephani*, 250 App. Div. 253), and the will was directed to be admitted to probate. It was so admitted to probate on April 2, 1937.

The State Tax Commission filed the following objections to this proceeding:

1. That this court has no jurisdiction of this proceeding, as the decedent was not a resident of Clinton county at the time of his death.

2. That decedent's will is invalid, because he lacked testamentary capacity at the time of the execution thereof.

3. That the trust attempted to be created by decedent's will is invalid, as not being within section 12 of the Personal Property Law.

4. That the alleged charitable bequest is not deductible under section 249-s of the Tax Law.

5. That the terms of a compromise agreement executed by all interested parties in this proceeding and duly approved by this court, pursuant to section 19 of the Decedent Estate Law, should be considered by this court in determining the taxability of this estate.

The petition for probate alleged that the decedent was a resident of Clinton county at the time of his decease. In that proceeding the State Tax Commission sought to intervene as an interested party and its application was denied. It appealed from the order of this court denying its right to intervene in that proceeding, but failed to prosecute it and the appeal was dismissed by an

order of the Appellate Division, Third Department, on September 22, 1936. In its petition to so intervene in the probate proceeding the State Tax Commission also alleged that the decedent was a resident of Clinton county at the time of his decease. No other evidence was given in the probate proceeding with respect to the residence of the decedent. The executor named in the will, being disqualified to act as such, the petitioners herein were appointed administrators *c. t. a.* and the letters of administration issued to them, among other things, stated that the decedent was at or immediately previous to his death an inhabitant of Clinton county. Jurisdiction was obtained by this court of all necessary parties to the probate proceeding. The decree of probate is, therefore, conclusive against all parties to this proceeding. (Surr. Ct. Act, § 80.) Under these circumstances, I am satisfied that the State Tax Commission has no authority to attack collaterally in a transfer tax proceeding the jurisdiction of this court by reason of the alleged non-residence in this county of the decedent at the time of his decease. (*Bolton* v. *Schriever,* 135 N. Y. 65; *O'Donohue* v. *Boies,* 159 id. 87, 99; *Flatauer* v. *Loser,* 211 id. 15, 19; *Matter of Maginn,* 215 App. Div. 790; *Matter of Slade,* 154 Misc. 275, 277; *Matter of Feinberg,* 155 id. 844.) In *Bolton* v. *Schriever* (*supra*), in discussing the duty of the surrogate to determine the residence of the decedent for the purpose of acquiring jurisdiction of his estate, at page 71 of the opinion, the court said: " The duty to investigate and decide upon the fact of inhabitancy is necessarily and naturally to be implied from the whole provisions of the statute relating to wills and their probate and such duty is to be performed before the will is admitted or letters issued. If no contest is made and there is no evidence upon the subject of the inhabitancy of the testator one way or the other, except the sworn allegations in the petition, I do not see why the surrogate may not rely upon the fact so stated. Whether, when the fact thus appears in the sworn petition addressed to the surrogate, such fact shall be resworn to by the petitioner or some one else upon an oath administered by the surrogate himself is matter which, as it seems to us, is not of a jurisdictional nature. The surrogate may regard the oath taken to the petition as sufficient *prima facie* evidence, although the statute does not in terms require the fact of inhabitancy to be stated in the petition. If it be so stated and sworn to and no evidence is offered on the other side and no issue raised as to the truth of the allegation in any manner or form, the decision of the surrogate should be regarded as conclusive, subject only to attack by a direct proceeding to review it. It might happen that where

there is evidence *pro* and *con*, the decision would appear to be erroneous, and for that reason it ought to be reversed, but unless a direct attack be made upon it, the judgment should remain. This is upon the principle that the surrogate must decide upon some evidence the fact of inhabitancy before he can go further, and when he does so decide, although erroneously, the decision must stand until reversed."

This court determined that the State Tax Commission was not a proper party to the probate proceeding and had no right to intervene in that proceeding. It would now appear that it seeks to do indirectly what it could not do directly, namely, contest the probate of decedent's will. The fact of inhabitancy of the decedent in this county was determined by this court in the probate proceeding. It may be that this court erred in this respect, but if so, the remedy was by an appeal. There are cases which permit evidence being offered in a transfer tax proceeding to show the residence of the decedent as being different than that stated in the petition for probate or for letters of administration. This is authorized, not for the purpose of attacking the jurisdiction of the court in the transfer tax proceeding, but for the purpose of determining the correct tax based upon the actual residence of the decedent. Such a case is *Matter of Hernandez* (172 App. Div. 467; affd. without opinion, 219 N. Y. 566). A transfer tax proceeding is one of the incidents to the complete settlement of an estate. Jurisdiction, once duly exercised over any matter by a Surrogate's Court, excludes the subsequent jurisdiction by another Surrogate's Court over the same matter and all of its incidents, except as otherwise prescribed by law. (Surr. Ct. Act, § 45.) I am, therefore, of the opinion that this court has jurisdiction to entertain this proceeding, and that the objections thereto by the State Tax Commission are improper.

Article 1 of decedent's will is as follows: " All the moneys, stocks and bonds, of whatsoever nature and kind of securities and rents, interests and dividends there on, now in the hands of the Frankfurter Bank-Frankfort-on-Main, Germany or which becomes due after my decease, I, do leave to the said Frankfurter Bank, absolutely and as the account was in my life time, to have and to hold, in law or in equity and to retain the principal as a ' Stephani Fund ' or ' Alphonse J. Stephani Foundation ' in perpetuity. The *income* to be dispensed or applied in such way or manner as may be decided on by the directorate of said bank, either for the benefit of or embellishment of the dorf of Hormbourg von der Lohe or of the City of Frank-fort-on-Main Germany in whole or in

part for some charitable purpose, such as the maintenance of a villa, cottage, house or home in the former village or other memorial purpose in Europe. A bread line similar to such in N Y City is suggested and operated same as at St Luke's chapel N Y Under no consideration is any American benefiting or to benefit hereunder either person or institution."

Articles 2, 3, 4 and 5 of the will make further bequests to the legatee mentioned in article 1 and for the same purposes therein mentioned. Article 9 nominates the Frankfurter Bank as executor and trustee with power of substitution. By article 10 all taxes are directed to be paid out of income for the first five years, " in order that the capital or principal may remain in tact forever more as a memorial of myself. This comprises death dues, collateral inheritance tax if any on this *a charity bequest for so I term it.*"

On the question of whether the provisions of the will, above mentioned, create a charitable trust under section 12 of the Personal Property Law, no evidence has been offered as to whether the attempted gift to the Frankfurter Bank upon the terms and conditions above stated is valid under the laws of Germany. This alleged charitable bequest is to a bank in a foreign country to be administered in that country. The validity of such a bequest must be determined by the laws of Germany, the place where the gift is to take effect. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Matter of Huss*, 126 id. 537; *Hope* v. *Brewer*, 136 id. 126; *Robb* v. *Washington & Jefferson College*, 185 id. 485, 496; *Ross* v. *Ross*, 233 App. Div. 626, 641; affd. *sub nom. Hutchison* v. *Ross*, 262 N. Y. 382, 391; *Mena* v. *Virnard*, 124 Misc. 637; *Matter of Feehan*, 135 id. 903.) In the absence of proof as to the validity of this trust under the laws of Germany, I do not believe this court should pass thereon.

If, in the absence of proof of the laws of Germany as to the legality there of the provisions of this trust, we should assume that such laws are the same as prevail in this State with respect to the matter in question and should construe the will under the latter laws, then I believe the trust should be held to be valid as being within section 12 of the Personal Property Law. The decisions under the latter section clearly hold that the provisions thereof should be construed in a broad and liberal spirit in accordance with the expressed intent of the testator, although the will may be susceptible of a construction which would permit the gift to be used for private or secular purposes. (*Matter of Durbrow*, 245 N. Y. 469, 474; *Matter of Frasch*, Id. 174; *Matter of Cunningham*, 206 id. 601, 607; *Matter of Robinson*, 203 id. 380, 388.)

It would seem, however, that the validity or invalidity of the provisions of article 1 of decedent's will as a charitable trust is a mere academic question so far as all of the parties to this proceeding are concerned. By an agreement executed by all of the parties interested in this estate and approved by this court, pursuant to section 19 of the Decedent Estate Law, the method of the distribution of the estate to such interested parties has been agreed upon. A determination of the validity or invalidity of article 1 as a charitable trust will, therefore, be of no consequence to them. It can only be material to the State Tax Commission if the determination that it is a valid charitable trust makes it thereby exempt from the payment of any transfer tax. I am of the opinion that the transfer tax upon this estate will be the same whether the provisions of article 1 are held to constitute a valid or invalid charitable trust. If held to be invalid, the property will pass to decedent's six cousins, none of whom will be entitled to any exemption under the Transfer Tax Law. If held valid, I believe the estate will still be taxable without any exemption, pursuant to subdivision 3 of section 249-s of the Tax Law. Article 1 of decedent's will directs that the income shall be applied " in such way or manner as may be decided on by the directorate of said bank, either *for the benefit of or embellishment* of the dorf of Hormbourg von der Lohe or of the City of Frank-fort-on-Main Germany *in whole or in part* for some charitable purpose, such as the maintenance of a villa, cottage, house or home in the former village *or other memorial purpose in Europe*. A bread line similar to such in N Y City is suggested and operated same as at St Luke's chapel N Y."

It is apparent from the above-quoted section of decedent's will that the trustee has authority to use the income from the trust fund for the two municipalities in Germany therein mentioned, either *in whole or in part*, for some *charitable* purpose or *other memorial purpose in Europe*. Subdivision 3 of section 249-s of the Tax Law authorizes certain deductions from the gross estate in determining the net taxable estate. Such an exemption is authorized if the gift is to be used *exclusively* for *public purposes*, " for the use of the United States, any State, territory, any political subdivision thereof, or the District of Columbia." Such exemption is further authorized if the gift is for " the use of any corporation, *wheresoever incorporated or located*, organized and operated *exclusively* for religious, charitable, scientific * * * purposes." It is clear from the language of decedent's will, as above quoted, that the income of the gift is not directed to be used *exclusively* for " religious, charitable, scientific * * * purposes." The will

directs that it shall be used "in whole or in part" for some "charitable purpose" or "other memorial purpose" in Europe." If such "other memorial purpose in Europe" is a *public purpose*, then this would not make the gift exempt for the reason that such public purpose would not be within the United States, as provided by the statute authorizing such an exemption. If only part of the income of the trust fund need be used for charitable purposes, then, again, this does not comply with the statute directing that the income be used *exclusively* for charitable purposes. It cannot be said that this is too strict a construction of the language of the statute above quoted when the word "exclusively" is used three times in that paragraph. Nor is there any basis for us to assume that the income of the trust fund will be used exclusively for charitable purposes in view of the discretion given to the trustee in respect thereto. In so holding I am mindful of the rule that statutes granting exemptions on bequests should be liberally construed. (*Matter of Rockefeller,* 177 App. Div. 786; affd., 223 N. Y. 563; *Matter of Mergentine,* 129 App. Div. 367; affd., 195 N. Y. 572; *Matter of Hammargren,* 160 Misc. 146.) I believe, however, that the language of this particular will is such, in view of subdivision 3 of section 249-s of the Tax Law, that the bequest is not within the terms of this statute and that the same is subject to taxation, even though the same is held to be a valid gift for charitable purposes either under the laws of Germany or New York State.

The interest of the interested parties in the proceeds of this estate, as provided in the compromise agreement approved by this court under section 19 of the Decedent Estate Law, should not be considered in determining the taxability of this estate. The transfer tax is measured by the legal relation which the legatee bears to the testator and is not affected by the relation which an assignee of the legatee bears to him. (*Matter of Cook,* 187 N. Y. 253.)

The motion of the petitioners to exempt this estate from any transfer tax is denied.

Prepare decree accordingly.