In the Matter of the Estate of JAMES M. HARTSHORNE, Deceased.

Surrogate's Court, New York County, April 13, 1939.

*George W. Case* and *Roger Sherman,* for the executors.

*Reeves, Todd, Ely & Beaty* [*David O. Rodick, Assistant Attorney-General for the State of Maine,* and *Harry J. Ahlheim* of counsel], for the Attorney-General and the Inheritance Tax Commissioner of Maine.

*Jerome M. Hirsch,* for the State Tax Commission.

FOLEY, S. This is an appeal by the executors from the *pro forma* order of September 21, 1938, fixing the estate tax on the appraiser's report. There are five grounds of appeal. The principal ground is that the appraiser erroneously found the decedent to have died a resident of the State of New York instead of the State of Maine. A separate application by the State of Maine for leave to intervene in this proceeding was previously granted and the order made on consent of the State Tax Commission of the State of New York. To avoid the possibility of the decedent's estate being subject to double taxation, in both States, Maine agreed to be bound by the determination of the question of the decedent's domicile.

The decedent was born in the city of New York on February 3, 1864. It is conceded that he retained his domicile of origin until October 8, 1932. On that date, it is contended, he changed his domicile to Bar Harbor, Me. He died in the city of New York on October 24, 1933, a year and sixteen days after the alleged change of domicile. He had retired from active business as a stockbroker in the city of New York about the year 1900. In 1916 he began spending the period from June first to about November first of

each year at Bar Harbor.  In 1929 he acquired a dwelling house there and occupied it during the summer period of each year, including 1933, the year of his death.  In October, 1931, he transferred his Bar Harbor house to his wife, and on June 10, 1932, he transferred his house at 40 East Sixty-fifth street, New York city, to her.  Both houses were substantially of equal value and size. Prior to 1932 he considered changing his domicile from New York to Maine.  He discussed the subject with the members of his family and friends and consulted his New York attorney and a law firm at Bar Harbor.  At that time he had no special family ties in New York.  His two children were married and living apart from him in their own homes.  Pursuant to the advice of his attorneys, Mr. Hartshorne, by letter dated October 8, 1932, advised the voting and taxing authorities of Bar Harbor, Me., that he had changed his domicile from New York to Maine and requested that he be enrolled on their books as a resident.  On the same day he executed at Bar Harbor his last will and testament, describing himself as a resident of " Bar Harbor, Hancock County, Maine." The will was admitted to probate there shortly after his death. On October 8, 1932, the decedent registered for the purpose of voting in the State of Maine, and in the presidential election in November of that year voted there by absentee ballot.  He also voted there in September of 1933 at a special election.  About the middle of October, 1932, he returned with his wife from Bar Harbor to his house at 40 East Sixty-fifth street.  On December 22, 1932, he sent letters to the board of elections of the city of New York, to the local board of the twentieth election district of the fifteenth Assembly district of the borough of Manhattan, where he had formerly voted, to the president of the department of taxes and assessments of the city of New York, to the State Commissioner of Taxation and Finance at Albany, and to the Attorney-General of this State.  In them he stated that in the summer of 1932 he had moved his domicile from New York city to Bar Harbor, where he intended to make his permanent home and domicile.  Thereafter he performed no act nor made any declaration, oral or written, inconsistent with his declaration of intent to be domiciled in the State of Maine.  On March 6, 1933, he filed his Federal income tax return for the year 1932 at Augusta, Me.  On April 10, 1933, he filed his New York State income tax return for the prior tax year.  In both these returns he gave his address at 40 East Sixty-fifth street, New York city, where he was actually living in the months of March and April, 1933.  The filing of the New York State income tax return for the year 1932 is clearly explained by the fact that he had been for a substantial part of the year a resident

of New York and despite the change of domicile was required to report his income earned during the period while he remained a resident. In this connection it is significant that the State Tax Commission, by letter addressed to the decedent at Bar Harbor, Me., on January 8, 1934, after his death, stated: " Your 1932 State income tax return indicates that you became a resident of the State of Maine during the year."

I find on all facts and circumstances of this case that the decedent died a resident of the State of Maine.

The general rules in this State applicable to a change of domicile are set forth in the cases of *Dupuy* v. *Wurtz* (53 N. Y. 556) and *Matter of Newcomb* (192 id. 238). In the latter case the absolute right of a person domiciled in New York to change his domicile to another State is clearly recognized. In that case the court stated: " A person may have two places of residence, as in the city and country, but only one domicile." In holding that Mrs. Newcomb, after being domiciled in New York for thirty years, had changed her domicile to New Orleans, the court said: " As she resided a part of the time in each city, she could select either as her domicile, provided she acted in good faith." *Matter of Newcomb* is, therefore, directly applicable to the facts here. (See, also, *Chambers* v. *Hathaway*, 187 Cal. 104; 200 P. 931; *Duke* v. *Duke*, 70 N. J. Eq. 135; 62 A. 466; affd., 72 N. J. Eq. 434, 940; 65 A. 1117.) I find that Mr. Hartshorne did in October, 1932, elect between his winter and summer home to make the latter his domicile and that his election was made without reservation, honestly and without any intent to deceive. This intent, coupled with an actual residence, effectuated a change of domicile to Bar Harbor. The report of the appraiser on this question is, therefore, overruled and the appeal of the executors sustained.

*Matter of Packard* (251 N. Y. 543, affg. 223 App. Div. 491), the main authority relied on by the State Tax Commission, is readily distinguishable from the facts in this proceeding. In the *Packard* case, it was claimed that in the summer of 1920 William D. Packard changed his domicile to Chautauqua, N. Y., from Ohio, his domicile of origin. He died in November, 1923. Mr. Packard's statements and conduct subsequent to the alleged change were held to have justified the finding that he was at the date of death domiciled in Ohio. Subsequent to 1920 he repeatedly referred to his residence in Warren, Ohio, as " home." In 1922 he made active efforts to dispose of his summer residence at Chautauqua, N. Y., and stated it was no longer of any use to him. He created, in 1922, a trust to permanently maintain his Ohio residence as a " home " for himself and his wife. When taken seriously ill at his summer

house in Chautauqua in September, 1923, he stated he wanted to go " home." When he reached his residence in Warren, Ohio, he said to his wife, " My, I am glad to be home." His every act and expression clearly demonstrated that he considered his house at Warren, Ohio, his domicile. On the other hand, after his change of purpose was made, no expression or act of Mr. Hartshorne was inconsistent with his firm intent to make Bar Harbor, Me., his domicile.

The appeals on the ground that the appraiser improperly valued the decedent's interest in the real estate at 1085 Sixth avenue, New York city, and 40 East Sixty-fifth street, New York city, are sustained. The only evidence in the record as to the value of these properties is contained in the affidavit of the real estate expert submitted to the appraiser by the executors The appraiser could not disregard this evidence and in the absence of other evidence substitute his own arbitrary opinion. (*Matter of Gibert*, 176 App. Div. 850; *Matter of Forbes*, N. Y. L. J. Jan. 8, 1937, p. 112.)

The appeal with respect to the appraiser's valuation of the decedent's securities is denied. The stock involved was actively traded in on the open market. The number of shares held by the decedent in any one stock was not sufficiently large to cause a depressing effect on the market if sold on any one day.

The appeal on the ground that the appraiser erroneously included premises 40 East Sixty-fifth street, New York city, in the gross estate as a transfer made in contemplation of death will be remitted to the appraiser for further evidence. In the alternative and to avoid delay the affidavit of the decedent's attending physician as to his condition at the date of the transfer may be submitted to the surrogate. This affidavit was apparently considered of importance to the Federal taxing authorities and was accepted by them in their holding that the transfer was not made in contemplation of death.

Submit order on notice accordingly.